IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARIN R. QUALKINBUSH,

    Plaintiff,                  No. CIV S-09-0508 FCD GGH P

    vs.

JUDGE PINESCHI, et al.,

    Defendants.              FINDINGS & RECOMMENDATIONS

                            /

          Plaintiff is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's June 26, 2009, amended complaint. For the following reasons, the court recommends that this action be dismissed.

          The allegations in the amended complaint are identical to those in the original complaint. Again named as defendants are Judge Pineschi and Deputy District Attorney West. Plaintiff alleges that defendant West and defendant Pineschi conspired to set plaintiff's bail so high that he could not get out of jail. The amended complaint does not contain a statement of claim for relief, although the original complaint sought money damages and an order directing defendants to "stop the process of release and remand."

          As stated in the March 5, 2009, order dismissing the original complaint with leave to amend, "[f]ew doctrines were more solidly established at common law than the immunity of

1

judges from liability for damages for acts committed within their judicial jurisdiction." Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir.2000) (quoting Pierson v. Ray, 386 U.S. 547, 553-54 (1967)).  Judicial immunity affords immunity from suit, not just assessment of damages.  Mireles v. Waco, 502 U.S. 9, 11 (1991) (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).  It cannot simply be "overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Id. (citing Pierson, 386 U.S. at 554 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly.")).  Rather, immunity is only overcome in two situations. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 11-12 (citations omitted).

       Setting plaintiff's bail was an act committed by defendant Pineschi within the scope of his judicial jurisdiction.  In setting plaintiff's bail, defendant did not act in the complete absence of all jurisdiction.  Accordingly, the claims against defendant Pineschi should be dismissed because he is immune from suit.

       Prosecutors are absolutely immune from liability under § 1983 for their conduct in "initiating a prosecution and in presenting the state's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." Buckley v. Fitzsimmons, 509 U.S. 259, 270 (1993) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler, 424 U.S. at 430-431); Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir.1986).

       The act of requesting that plaintiff's bail be set at a certain amount was intimately associated with the judicial phase of the criminal process.  Accordingly, defendant West is immune from suit.

       Because plaintiff cannot cure the pleading defects discussed above, this action should be dismissed.

1          Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

2          These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 20, 2009

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

qualk508.56